IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:12-CR-177-P |
| | § | |
| PHILLIP AMISANO-CAMILLO | § | |

## FACTUAL RESUME

Phillip Amisano-Camillo (Camillo), the defendant, Doug Morris, the defendant's attorney, and the United States of America (the government) agree to the law and facts as follows:

## ELEMENTS OF THE OFFENSE

Count One
Enticement of a Minor
(Violation of 18 U.S.C. § 2422(b))

In order to establish the offense alleged in Count One of the indictment, the government must prove the following elements beyond a reasonable doubt:

First:     That the defendant knowingly used a facility or means of interstate commerce, that is, the telephone or the Internet, to persuade, induce, entice, or coerce an individual under the age of eighteen (18) to engage in sexual activity;

Second:   That the defendant believed that such individual was less than eighteen (18) years of age; and

Third :    That the defendant could have been charged with a criminal offense for engaging in the specified sexual activity.

Factual Resume - Page 1

## STIPULATED FACTS

The stipulated facts that support the defendant's plea of guilty to Count One of the indictment are as follows:

1. From or about April 22, 2012, through on or about May 7, 2012, in the Dallas Division of the Northern District of Texas, and elsewhere, Phillip Amisano-Camillo, defendant, used a cellular telephone and the Internet, facilities of interstate and foreign commerce, to knowingly persuade, induce and entice, and attempted to knowingly persuade, induce and entice, John Doe, an individual who had not attained the age of 18 years, to engage in sexual activity for which the defendant could be charged with a criminal offense, specifically a violation of Sec. 22.011, Texas Penal Code, that is, Sexual Assault of a Child, which makes it a crime to intentionally and knowingly engage in sexual intercourse, and other enumerated sex acts, with a child under 17 years of age, in violation of 18 U.S.C. § 2422(b).

2. More specifically, Camillo admits and agrees that in or about April 2012, he met John Doe in an Internet chat room at ultimatechatzone.com. Camillo agrees and admits that in the days and weeks after he met John Doe, who he knew was a 14-year-old minor, he "chatted" online with John Doe via Skype under the user name "richrob11." Camillo further admits in May 2012, he traveled from Washington State to Dallas, Texas for the purspose of meeting John Doe for a sexual encounter and that, before and during his time in the Dallas/Ft. Worth area, he enticed and pursuaded John Doe via his communications

with him over the Internet and cellular phone, to sneak out of his house in Mesquite, Texas and meet him to engage in unlawful sexual activity. Camillo admits that he took John Doe to a local hotel and engaged in oral and anal sexual intercourse with John Doe. Camillo acknowledges that he knew that John Doe was only 14 years old at the time.

6.   Camillo acknowledges that his cellular phone and the Internet are both facilities of interstate and foreign commerce. Camillo also acknowledges that it is a crime in the State of Texas, specifically a violation of Sec. 22.011, Texas Penal Code, that is, Sexual Assault of a Child, to knowingly engage in sexual intercourse, and other enumerated sex acts, with a child under 17 years of age.

AGREED TO AND SIGNED this 16th day of August, 2013.

PHILLIP AMISANO-CAMILLO
Defendant

DOUG MORRIS
Attorney for the Defendant

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

LISA J. MILLER
Assistant United States Attorney
Oklahoma State Bar No. 16795
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8600
Facsimile: 214.767.4100
Email: Lisa.Miller@usdoj.gov