IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 3:12-CR-177-P |
| PHILLIP AMISANO-CAMILLO | § § | |

# PLEA AGREEMENT

Phillip Amisano-Camillo (Camillo), Doug Morris, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Camillo understands that he has the rights

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Camillo waives these rights and pleads guilty to the offense alleged in Count One of the indictment, Enticement of a Minor, in violation of 18 U.S.C. § 2422(b). Camillo understands the nature and elements of the crimes to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence**: The minimum and maximum penalties the Court can impose on Count One include:

    a. imprisonment for a period not less than 10 years, and not more than life;

    b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c. a term of supervised release of any term of years or life but not less than five years, which may be mandatory under the law and will follow any term of imprisonment. If Camillo violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $100;

    e. restitution to victims or to the community, which is mandatory under the law, and which Camillo agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f. costs of incarceration and supervision; and

    g. forfeiture of property.

4. **Sentencing guidelines**: Pursuant to Rule 11(c)(1)(C), FED. R. CRIM. P., the parties agree that the appropriate term of imprisonment is not more than 480 months. If the Court accepts this plea agreement, this provision is binding on the Court. Subject to the parties agreement, Camillo otherwise understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Camillo has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Camillo will not be

allowed to withdraw his plea if his sentence is higher than expected. Camillo fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Rejection of agreement.** Pursuant to Rule 11(c)(5), FED. R. CRIM. P., if the Court rejects this plea agreement, Camillo will be allowed to withdraw his guilty plea. If Camillo declines to withdraw his guilty plea, the disposition of the case may be less favorable than that contemplated by this agreement.

6. **Mandatory special assessment**: Camillo agrees to pay to the U.S. District Clerk the amount of $100.00 in satisfaction of the mandatory special assessment in this case.

7. **Defendant's agreement**: Camillo shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Camillo shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Camillo expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the court. Camillo fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the court imposes a schedule for payment of restitution, defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately

Plea Agreement - Page 3

enforceable financial obligation. Camillo understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

8. **Government's agreement**: The government will not bring any additional charges against Camillo based upon the conduct underlying and related to Camillo's plea of guilty. The government also agrees to dismiss, after sentencing, the remaining charges in the indictment. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement includes the United States Attorney's Office for the Northern District of Texas and further binds the United States Attorney's Office for the Northern District of Illinois from bringing any additional charges against Camillo for enticement of a minor and traveling with intent to engage in illicit sexual activity with a minor based on the related conduct in June 2012 with respect to John Doe 2. However, this agreement does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Camillo or any property.

9. **Forfeiture**: Camillo agrees not to contest, challenge, or appeal in any way the administrative or judicial criminal forfeiture to the United States of any property noted as subject to forfeiture in the Indictment and in any bills of particulars, or seized or restrained by law enforcement officers during the investigation(s) related to this criminal cause. Camillo consents to entry of any orders or declarations of forfeiture regarding all such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. Camillo agrees to

**Plea Agreement - Page 4**

provide truthful information and evidence necessary for the government to forfeit such property. Camillo agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

10. **Violation of agreement**: Camillo understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Camillo for all offenses of which it has knowledge. In such event, Camillo waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Camillo also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

11. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12. **Waiver of right to appeal or otherwise challenge sentence**: Camillo waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Camillo, however, reserves the rights (a) to bring a direct appeal of (I) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b)

to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

13.  **Representation of counsel**: Camillo has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Camillo has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Camillo has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14.  **Entirety of agreement**:  This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 16th day of August, 2013.

```
                                        SARAH R. SALDAÑA
                                        UNITED STATES ATTORNEY


_____         _____
PHILLIP AMISANO-CAMILLO                 LISA J. MILLER
Defendant                               Assistant United States Attorney
                                        Oklahoma State Bar No. 16795
                                        1100 Commerce Street, Third Floor
                                        Dallas, Texas  75242-1699
                                        Tel: 214.659.8615
                                        Fax: 214.659.8805
                                        Email: Lisa.Miller@usdoj.gov
```

_____  
DOUG MORRIS  
Attorney for Defendant

_____  
ALEX C. LEWIS  
Deputy Criminal Chief

_____  
APRIL PERRY  
Assistant United States Attorney  
Northern District of Illinois

_____  
MANISH SHAH  
Criminal Chief  
Northern District of Illinois

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____        Aug 16, 2013
PHILLIP AMISANO-CAMILLO            Date
Defendant

    I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant, including the notice that he is required to register as a sex offender. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____        8.16.13
DOUG MORRIS                        Date
Attorney for Defendant

Plea Agreement - Page 7

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. Section 2250, which is punishable by a fine or imprisonment or both.

_____  
PHILLIP AMISANO-CAMILLO  
Defendant

Aug 16, 2013  
Date

_____  
DOUG MORRIS  
Attorney for Defendant

8.16.13  
Date

Plea Agreement - Page 8