IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| PHILLIP CAMILLO-AMISANO | )  CRIMINAL NO. 3:12-CR-0177-C-01 |

### ORDER

On this day, the Court considered Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant seeks compassionate release due to the following medical issues: (1) hypertension; (2) hyperlipidemia; and (3) high ALT.[1]

Pursuant to Title 18, United States Code, Section 3582, a court may modify a defendant's sentence upon motion of the Director of the Bureau of Prisons or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Upon such a motion, a court may modify a defendant's sentence after considering the factors set forth in § 3553(a) to the extent applicable if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Here, the Court finds that Defendant has failed to show extraordinary and compelling reasons to warrant the relief sought. Specifically, as to the medical issues asserted, the Court finds that said issues do not serve as to create extraordinary and compelling reasons to warrant a

---

[1] Defendant further points to his age as a basis in support for compassionate release.

sentence reduction and/or compassionate release.  Accordingly, the Motion is hereby **DENIED**.  In the alternative, even if Defendant had met his burden in establishing extraordinary and compelling reasons, the Court finds that the Motion would still be denied after considering the sentencing factors as set forth in 18 U.S.C. § 3553(a).  *See United States v. Chambliss,* 948 F.3d 691 (5th Cir. 2020) (Compassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)).  All relief not expressly granted herein is **DENIED**.[2]

SO ORDERED this 25th day of January, 2021.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] As other courts have acknowledged, the court cannot release every prisoner who may be at risk of contracting COVID-19, or it would be required to release *all* prisoners. *See e.g. United States v. Kerr,* 2020 WL 1529180, at *3 (N.D. Tex. Mar. 31, 2020); *United Stated v. Fitzgerald,* 2020 WL 1433932, at *2 (D. Nev. Mar. 24, 2020) ("Defendant's argument applies equally to every detainee in detention; however, the Court cannot release every detainee at risk of contracting COVID-19 because the Court would then be obligated to release every detainee.").